**Hugo Josue YOC DIAZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–71382.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 [*].

Filed Aug. 23, 2007.

Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., Kathleen Hamann, U.S. Department of Justice, Washington, DC, for Respondent.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Hugo Josue Yoc Diaz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where, as here, the BIA affirms without opinion, this Court reviews the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the IJ's finding that Yoc Diaz failed to demonstrate that the Guatemalan government, guerillas, or gang members would target him on account of any protected ground. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002). Substantial evidence also supports the IJ's finding that Yoc Diaz's fear of future persecution is speculative. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). Accordingly, Yoc Diaz's asylum claim fails.

Because Yoc Diaz failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Molina–Morales v. INS,* 237 F.3d 1048, 1052 (9th Cir.2001).

We lack jurisdiction over Yoc Diaz's CAT claim because he failed to exhaust it.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Barron v. Ashcroft,* 358 F.3d 674, 676–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**